ELLIS, Judge.
The plaintiff operated a bus line in Louisiana and elsewhere, and owned a lot of ground and bus terminal 'in the town of Leesville, Louisiana. During January 1951 the plaintiff entered into a written agreement with the defendant, Caldwell, whereby the latter agreed to act as plaintiff’s Lees-ville agent for the sale of tickets, handling express, etc., and also entered into a lease with the defendant of its terminal station in Leesville. Both contracts were in writing.
On March 26, 1951 the plaintiff gave written notice to the defendant that it elected to cancel the agency agreement and lease as of March 31st, and upon the defendant refusing to surrender possession of the leased premises, the plaintiff gave the defendant the formal five day notice to vacate prior to filling this eviction suit under LSA — R.S. 13.4918 et seq.
The plaintiff contended that the agency contract provided for immediate cancellation by either party, and that its cancellation cancelled this lease.
The defendant conceded the termination of the agency agreement cancelled the lease but he contended that the plaintiff had no right to cancel the agency agreement short of a period of one year.
The rule for possession was tried and made absolute and the defendant ordered to vacate the premises.
From this judgment the defendant appealed.
Under the agency agreement it is stipulated: “3. The term of this agreement shall be for one (1) year beginning the 1st. day of January, 1951 and ending on the 31st day of December, 1951, but shall remain in effect without the necessity of being renewed in writing, and shall continue in effect from year to year unless written notice is given by one party to the other of its desire to cancel. Should either party desire to cancel it shall give notice in writing to the other of its intention thereof, and the cancellation shall be effective immediately.”
It is under this clause that the defendant contends that the agency agreement could not be cancelled, prior to one year.
Under the lease agreement it is provided:
“(1) — The term of this lease shall be for one month, beginning January 1, 1951 and ending on the 31st day of January,. 1951, but shall remain in effect without the-necessity of being renewed in writing and shall continue in effect from month ho month unless written notice is given by one party to the other of its desire to cancel. Should either party desire to cancel the lease, it shall be encumbent upon it to give-notice in writing to the other ten (10) days-prior to the first day of any automatic monthly renewal.
******
“(12) — 'It is understood that the Lessee has signed an agreement as Commission Agent with Continental Southern Lines,. Inc. and has agreed to represent that corporation in Leesville, Vernon Parish, Louisiana. The commission agency agreement,, dated January 1, 1951, and this lease are to-run concurrently. Should the commission agency contract be terminated by either party, the Lessor herein reserves and the-Lessee herein is granted the right to cancel this lease .upon written notice from one-party to- the other.”
Therefore, if plaintiff had the right to immediately cancel the agency agreement,, the lease agreement could also be cancelled.
It is clear that the agency agreement provides, as shown by the above-quoted portion, that should either party desire to-cancel the agency it could give notice in. writing to the other of its intention and “the cancellation shall be effective immediately ,” means just what it says. (Emphasis-added.)
Defendant’s contention seems to be that this provision must be disregarded and the- *416 contract construed as being for a definite term of one year. This argument has no merit for the contract is clearly one for a term of one year subject to the other legal provisions thereof. There is nothing contrary to public policy or morals or law in the clause in the contract which gives the right to either party to the immediate cancellation of the agency agreement.
Judgment affirmed.